*30 Opinion op the Court, 1
by Judge Owslet.
THIS was an action of covenant, brought by Mattox *n court below, upon an obligation executed by Oldham, conditioned that the said Oldham should, on or before the first day of November next after the date *31 thereof, make or cause Isham Paris to make unto said Mattox, a good and sufficient title to a certain tract of land in the obligation described.
Several pleas were filed by Oldham, and the issues made up by the parties, each in substance involves the question whether or not a good and sufficient- title in fact made to Mattox. '
The jury found a verdict for Oldham, and judgment was thereon rendered by the court.
A motion for a new trial was made by Mattox; but the motion was overruled, and the only question presented for the determination of this court, involves the propriety of the decision overruling the motion for new trial. .
It is perfectly clear, that no evidence was introduced on the trial, from which the jury could rationally infer that a good and sufficient title to the land was made to Mattox. A deed from Isham Faris to Mattox for the land, was read in evidénce; and as the condition of Old-ham’s obligation allowed the title to be made, either by Isham Faris or himself, the jury would no doubt have been justified in finding the issues against Mattox, if there had been sufficient evidence introduced to show that ris was possessed of the title when the deed was executed by him. But the record exhibits no sufficient evidence of Fans ever having been invested with the title. It is true, the deed which Faris made, was proved to have been accepted by Mattox; but the acceptance by Mattox of the deed, is not calculated to prove that Faris was possessed of the title, and on the trial of an issue involving the question of title, it could not, in the sence of all other circumstances, authorize the jury infer that Faris held the title.
The court should, therefore, have awarded a new trial on the ground assumed in the motion, of the verdict being against evidence.
Judgment reversed, and cause remanded for a new trial.